UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARKALE AL-SAMOD SOWELL, | : | CIVIL NO. 3:12-CV-1971 |
| Plaintiff, | : | (Judge Mariani) |
| v. | : | |
| JEFF PAULHAMUS, et al. | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Markale Al-Samod Sowell ("Plaintiff" or "Sowell"), an inmate presently confined at the State Correctional Institution Pine Grove ("SCI Pine Grove") in Indiana, Pennsylvania, initiated the above civil rights action pro se by filing a Complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1.) Sowell has requested leave to proceed in forma pauperis in this action (see Doc. 2), and therefore, the Complaint currently is before the Court for screening under the provisions of 28 U.S.C. § 1915. For the reasons set forth below, Sowell's request for in forma pauperis status will be granted for the sole purpose of filing the Complaint, and the Complaint will be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

I.    **Allegations of the Complaint**

In his Complaint, filed on October 2, 2012, Sowell names as Defendants Jeff Paulhamus, Roy Snyder, and Tim Miller, police officers employed by the Williamsport Police Department; Melissa A. Kalaus and Aaron Biichle, Assistant District Attorneys employed by the Lycoming County District Attorney's Office; Judge Marc F. Lovecchio of the Lycoming County Court of

Common Pleas; Magisterial District Judge James Carn; the Lycoming County Prison Warden; the Lycoming County Prison; the Williamsport Police Department; the Pennsylvania Department of Corrections; and the Commonwealth of Pennsylvania. (Doc. 1 at 1, 2, 3, 6.)

Sowell states that, on August 2, 2011, following a jury trial in the Lycoming County Court of Common Pleas, he was found guilty of fleeing or attempting to elude an officer, possession of a prohibited firearm, carrying firearms without a license, two counts of reckless endangerment, simple assault, and reckless driving. (Id. at 4, 5.) He was found not guilty of receiving stolen property. (Id. at 5.) Sowell states that his appeal from his judgment of sentence is pending before the Pennsylvania Superior Court. (Id.)

In his Complaint, Sowell complains about Defendants' actions throughout his criminal proceedings, beginning with his arrest by Officer Paulhamus on September 26, 2010, and continuing throughout the ensuing court proceedings, and in particular, the handling of evidence by police, and the treatment of procedural issues by the attorneys who prosecuted his case and the presiding judges. (Id. at 4-7.) Specifically, Sowell describes the events that took place after his arrest on September 26, 2010, which he claims occurred after he was involved in a car accident and "tased [sic] multiple times by officers of the Williamsport Police Department." (Doc. 1 at 4.) He complains that he was injured and in pain, but did not immediately receive medical treatment. (Id.) Instead, he alleges that he had to wait until he was transported by Officer Paulhamus to the Lycoming County Prison, where he saw a nurse and then a doctor. (Id.) He then complains about additional delays he faced at the Williamsport Hospital Emergency Room after a sheriff transported

2

him there at the direction of the prison doctor, but admits that the sheriff then transported him to the Muncy Valley Hospital Emergency Room, where he received treatment for contusions to the upper back and lower abdomen before being transported back to the Lycoming County Prison. (Id.)

Sowell also complains about the disposition of procedural issues by Magisterial District Judge Carn and Judge Levecchio relating to an alleged failure to properly process Sowell upon his arrest, including a failure to fingerprint him, which he alleges resulted in his being "forced" to stand trial and being found guilty of all charges except the receiving stolen property charge. (Id. at 4-5.) He also complains about allegedly improper handling of evidence by Officers Paulhamus and Snyder, which he claims he learned about through discovery in his criminal proceedings. (Id. at 5.) Sowell further seeks to impose liability on the Assistant District Attorneys who prosecuted the case against him for allegedly not reporting a crime that took place against him and allowing the case to proceed even though he allegedly was not properly processed at the time of his arrest. (Id. at 6-7.)

Sowell seeks the suppression of all evidence, dismissal of all charges, release from imprisonment, expungement of all charges, as well as monetary compensation for the alleged wrongs committed by Defendants throughout his criminal proceedings, including money to compensate him for the time he has served and for his lost wages. (Id. at 9.)

II.  **Standard of Review**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed in forma

3

pauperis if the court determines that the complaint "fails to state a claim on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's factual allegations. Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006). The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

Pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless such an amendment would be inequitable or futile." Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

## III. <u>Discussion</u>

Preliminarily, we observe that, while Sowell includes details in his Complaint concerning an alleged delay in providing medical treatment immediately following his arrest, he does not assert a claim with respect to these circumstances, and none of his requests for relief relate to this alleged delay in obtaining medical treatment. Thus, it does not appear that he was attempting to assert a deliberate indifference claim on the basis of failure to provide adequate medical treatment and we have not construed any such claim in screening the Complaint.

In his Complaint, Sowell first seeks to challenge alleged procedural errors in his criminal proceedings that resulted in his conviction and incarceration. It is well-settled that a habeas corpus petition is the proper mechanism for a prisoner to use to challenge either the fact or duration of his confinement in prison. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973); <u>Telford v. Hepting</u>, 990 F.2d 745, 748 (3d Cir.), <u>cert. denied</u>, 510 U.S. 920 (1993). Federal habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." <u>Leamer v. Fauver</u>, 288 F.3d 532, 540 (3d Cir. 2002). Thus, Sowell's challenges concerning his criminal proceedings and conviction are not properly pursued in the instant civil rights action and must be dismissed.

Further, we observe that, before filing a habeas corpus petition in federal court, a petitioner is required to exhaust the remedies available in the state courts. <u>See</u> 28 U.S.C. § 2254(b)(1). In his Complaint, Sowell admits that his direct appeal from his judgment of sentence remains pending in the Pennsylvania Superior Court, and thus he has not yet exhausted his state court remedies.

Sowell has filed two Motions in the instant case seeking a stay of this action pending the completion of the appellate process in state court. (Docs. 7, 11.) However, where the instant civil rights action is not the proper mechanism for Sowell to pursue his claims, there is no basis to stay this action pending the disposition of his appeal by the Pennsylvania Superior Court, and thus we shall deny these Motions, along with Sowell's other Motions requesting the appointment of counsel (Doc. 4) and for discovery (Doc. 9), as moot.

In this action, Sowell also seeks monetary damages based upon alleged wrongs committed by Defendants in handling his criminal case. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. It is clear that the award of the monetary damages that Sowell seeks in this action would implicate the validity of his conviction. Moreover, it is apparent that Sowell cannot demonstrate that his conviction has been reversed inasmuch as his direct appeal from his judgment of sentence remains pending. Thus, notwithstanding any consideration as to any of the Defendants' immunity to the claims asserted against them, Sowell's claims for monetary damages are barred by the doctrine established in Heck and must be dismissed.

## IV. Conclusion

Based on the foregoing, we must dismiss Sowell's Complaint for failure to state a claim upon which relief may be granted under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). With respect to his claims challenging aspects of his conviction and resulting sentence, we shall dismiss these claims without prejudice to Sowell's right to file a federal habeas corpus petition under the provisions of 28 U.S.C. § 2254 following the exhaustion of his state court remedies. With respect to his claims for monetary damages, because these claims are barred by Heck, no amendment to the Complaint would allow him to state a claim upon which relief may be granted, and any attempt to amend would therefore be futile; thus, we shall dismiss these claims with prejudice. See Alston, 363 F.3d at 235; Grayson, 293 F.3d at 108.

As to Sowell's pending Motions, his Motion for leave to proceed in forma pauperis (Doc. 2) will be granted for the sole purpose of filing the Complaint, and his remaining Motions (Docs. 4, 7, 9, 11) will be denied as moot.

An appropriate Order will issue on today's date.

Robert D. Mariani
United States District Judge